*W. B. Lymer* for the petition.

---

## C. D. LUFKIN, TRUSTEE, *v.* GRAND HOTEL COMPANY, LIMITED, A CORPORATION.

### No. 1127.

MOTIONS TO DISMISS.

ARGUED APRIL 8, 1919.                    DECIDED APRIL 24, 1919.

COKE, C. J., KEMP AND EDINGS, JJ.

APPEAL AND ERROR—*costs necessary to be paid as a prerequisite to appeal.*

Items of expense incurred in the course of litigation not properly termed costs of court are not required to be paid as a prerequisite to the right of appeal.

SAME—*effect of service of notice of appeal on attorneys not of record.*

Notice of appeal to attorneys not shown to be of record for a party in the particular proceeding involved is not notice to that party, although they may at the time be attorneys of record for the said party in a proceeding pending in another court.

SAME—*adverse party defined.*

In determining whether or not one is an adverse party (and therefore entitled to notice of appeal) the supreme test is the possession of some substantial interest adverse to the interest of appellant in the order or decree appealed from.

OPINION OF THE COURT BY KEMP, J.

The matter out of which this appeal grew was originally begun in the circuit court of the second circuit on June 4, 1917, by C. D. Lufkin, trustee, against the Grand Hotel Company, Limited, sole defendant, to foreclose a mortgage and for the appointment of a receiver. On June 6, 1917, the Grand Hotel Company, Limited, filed its answer admitting that petitioner was entitled to the relief for which he prayed and joined in the request for the appointment of a receiver of its property, whereupon on June 8, 1917, a decree of foreclosure was entered as prayed for and a temporary receiver having theretofore been appointed his appointment was made permanent. Subsequent to the commencement of the foreclosure proceeding but before the foreclosure sale was had a suit was instituted in the United States district court for the district of Hawaii by certain creditors of the Grand Hotel Company, Limited, to have it adjudged a bankrupt. Prior to the foreclosure sale, which had been delayed by a temporary restraining order of the United States district court, the defendant Grand Hotel Company, Limited, was adjudged a bankrupt and Ferdinand Schnack, who had been appointed trustee in bankruptcy of its estate, procured an order from the United States district court authorizing him as such trustee to petition the circuit court for permission to intervene and defend in said foreclosure proceeding. Accordingly, on August 8, 1918, said trustee did petition the circuit court for permission to intervene, and on August 9, 1918, said motion was denied and a decree to that effect was entered on August 19, 1918, from which decree the said trustee has appealed.

The appellee, C. D. Lufkin, trustee, has filed two motions to dismiss the appeal, the first on the ground that the appellant has neglected and failed to pay the accrued costs

on appeal as is provided by law, and the second on the ground that the appellant has not made all parties in interest parties to said appeal in that he has not made the Grand Hotel Company, Limited, a party to said appeal, nor has he served the said Grand Hotel Company, Limited, with notice of his appeal. The two motions were argued and submitted together.

Section 2508 R. L. 1915 is in part as follows: "Appeals shall be allowed from all decisions, judgments, orders or decrees of circuit judges in chambers, to the supreme court, except in cases in which the appellant is entitled to appeal to a jury, whenever the party appealing shall file notice of his appeal within five days, and shall pay the costs accrued, and deposit a sufficient bond in the sum of fifty dollars, conditioned for the payment of the costs further to accrue in case he is defeated in the appellate court, or money to the same amount, within ten days after the filing of the decision, judgment, order or decree appealed from."

It is the contention of the appellee that the provision of this section of the statute requiring the payment of the cost accrued has not been complied with.

As heretofore stated the proceeding as originally instituted sought a foreclosure of a mortgage upon real estate of defendant and the appointment of a receiver. In the decree of foreclosure the court appointed a commissioner to make the foreclosure sale. Upon the 19th day of August, 1918, when the trustee in bankruptcy filed his notice of appeal the court costs amounted to $36.75. There had also been incurred various items of expense in connection with the litigation, such as expenses incurred by the commissioner in advertising and making sale of the land; fees of the commissioner and attorneys for petitioner, and salary and expense of the receiver, and amounting to nearly seven thousand dollars. At the time of the filing of appellant's notice of appeal and appeal there had

been no finding by the court fixing the amount of fees, salaries and expenses which were afterwards allowed in the decree which also confirmed the foreclosure sale.   In perfecting his appeal the appellant paid the item of $36.75 court costs but paid no part of the other expenses mentioned above and it is his failure to make such payment that called forth the motion to dismiss.

So far as we are aware the question involved in this motion has never been passed upon by this court, though undoubtedly many cases in which such items of expense were incurred have come to this court either with or without such items being paid.   It seems to us that the answer to movant's contention is that the items cannot be properly classed as costs of court and therefore do not fall within the statutory provision requiring the payment of the accrued cost to perfect an appeal.

Next we have the question of whether there has been a fatal omission in the serving of notice of appeal because the notice of appeal was not served on the Grand Hotel Company, Limited, the bankrupt corporation, and the sole defendant in the main case.

It is shown by affidavit that notice was duly mailed to Thompson & Cathcart, attorneys, whom the appellant alleges to be the attorneys of record for the Grand Hotel Company, Limited.   The record, however, fails to disclose that said firm appeared in this proceeding for said company.   In the bankruptcy proceedings in the federal court they did so appear of record and when the trustee procured his permission from the federal court to ask leave of the circuit court to intervene and defend notice of his intention to so apply was acknowledged by said firm as attorneys of record for the bankrupt.   However, upon the hearing of the trustee's motion for permission to intervene, the name of Thompson & Cathcart was entered as attorneys for C. D. Lufkin, trustee,—a position inconsistent

with appellant's contention. This was subsequent to the service of the notice above referred to and constituted notice to the trustee in bankruptcy that said attorneys did not appear in this proceeding in behalf of the bankrupt. It follows that notice to them was not notice to the Grand Hotel Company, Limited.

Cases here on appeal must necessarily have all necessary parties properly brought into court else jurisdiction cannot exist to do more than dismiss them. It is therefore necessary to determine whether under the circumstances of this case the Grand Hotel Company, Limited, is a necessary party to the appeal of the trustee in bankruptcy from the decree refusing him permission to intervene.

"It may be stated as a general rule that notice of appeal must be served upon all the adverse parties. On the other hand the notice of appeal need not, as a general rule, be served upon persons who are not adverse parties, or persons not parties to the proceedings in which the order or judgment to be reviewed was made. The term adverse parties, within the meaning of the foregoing rules, included every party whose interest in the subject matter of the appeal is adverse to, or will be affected by, the reversal or modification of the judgment, decree or order from which the appeal is taken." 2 R. C. L. p. 109, Sec. 86.

In determining whether or not one is an adverse party (and therefore entitled to notice of appeal) the supreme test is the possession of some substantial interest adverse to the interest of the appellant in the order or decree appealed from. Measured by this test can it be said that the Grand Hotel Company, Limited, was entitled to notice? It had, in another proceeding, been adjudged a bankrupt. It existed at best in name only and had theretofore surrendered all of its property to the federal court, so far as it was capable of doing so, and in no event according to the facts disclosed by the record before us could it profit

by the decree appealed from or be detrimentally affected by a reversal or modification thereof.

Let us assume that upon a hearing of this appeal the decree refusing the permission to intervene should be overruled and that upon a hearing before the circuit judge appellant should be granted all the relief prayed for.   In that event the property involved in the foreclosure would be taken over by the trustee in bankruptcy and administered together with all of the bankrupt's assets of every nature for the benefit of all the creditors of the bankrupt. According to the showing the company is hopelessly insolvent and by no chance could it be financially affected by any judgment which might be rendered upon a hearing in the event of a reversal.   Under these circumstances we are unable to say that the bankrupt company can be regarded as an adverse party to the appellant, or that its interests could be detrimentally affected by any judgment that could be rendered.   *Harrigan* v. *Gilchrist,* 99 N. W. (Wis.) 909, 926; *Galveston H. & N. Ry. Co.* v. *House,* 102 Fed. 112, 114.

We are of the opinion that both motions to dismiss the appeal should be overruled and it is so ordered.

*R. A. Vitousek* for the motions.

*E. C. Peters* contra.