# ROBERT K. CLIFFORD v. ZELDA M. CLIFFORD.

## No. 4099.

ARGUED OCTOBER 27, 1958.      DECIDED OCTOBER 30, 1958.

### RICE, C. J., STAINBACK AND MARUMOTO, JJ.

*Per Curiam.* Appellee has moved to dismiss appellant's appeal from a portion of the amended decree of divorce awarding a fee of $1,250 to her attorney. The motion is based on appellant's failure to observe rules 73 (b), 73 (c) and 75 (a) of Hawaii Rules of Civil Procedure and rule 8 (c) of the rules of this court.

Under Hawaii Rules of Civil Procedure, the sole jurisdictional requirement for appeal is that the notice of appeal be filed within thirty days from the entry of the judgment appealed from. (H.R.C.P., Rule 73 [a].) Appellant met this requirement by filing his notice of appeal on July 12, 1958. The judgment from which the appeal was taken was entered on June 12, 1958.

Appellant's failure to take any of the further steps to secure the review of the judgment did not affect the validity of the appeal. However, it is ground for such action as this court deems appropriate, which may include dismissal of the appeal. (H.R.C.P., Rule 73 [a]; *Estate of Holi,* 42 Haw. 74; *Trask* v. *Tam See,* 42 Haw. 324.)

Rule 73 (b) required appellant to give notification to appellee of the filing of the notice of appeal. Appellant gave the required notification two weeks after the filing of the notice. Although appellant waited inordinately long in giving the notification, we do not think that the delay, in itself, justifies dismissal of the appeal, particularly in view of the fact that the rule does not limit the time within which the notification should be given. (*Beecher* v. *Leavenworth State Bank,* 184 F. [2d] 498.) However, considered in connection with other infractions, such delay is an indication of appellant's indifference to the rules. Rules are expected to be followed; indifference to the rules designed to secure a review of the judgment warrants dismissal of the appeal. (*Drybrough* v.

*Ware,* 111 F. [2d] 548; *In re Plankinton Bldg. Co.,* 133 F. [2d] 900.)

Rule 73 (c) provides that a bond for costs on appeal shall be filed *with* the notice of appeal. Under rule 73 (e), if a bond on appeal is not filed within the time specified, such bond may be filed at such time before the appeal is docketed as may be fixed by the circuit court. Appellant did not file the required bond with the notice of his appeal. Nor did he obtain from the circuit court an extension of time for its filing. He filed the bond on October 3, 1958, eighty-three days after the filing of his notice of appeal and twenty-three days after the filing of appellee's motion to dismiss. In *Beecher* v. *Smithson,* 217 F. (2d) 304, the appellant did not file an appeal bond until the appellee moved to dismiss the appeal. After the filing of the motion to dismiss, the appellant sent to the clerk of court his personal check "under protest" for costs. The court dismissed the appeal, stating: "The rules cannot be improvised by the litigant."

Under rule 75 (a), appellant was required to serve upon appellee and file with the circuit court a designation of contents of record on appeal *promptly* after the filing of his notice of appeal. He filed the designation on September 9, 1958, fifty-nine days after the filing of the notice.

In *Yager* v. *Liberty Royalties Corporation,* 123 F. (2d) 44, the court declined to dismiss the appeal where the designation was filed on the eighty-eighth day after the filing of the notice of appeal but within the time allowed by the trial court for the filing of the record and the docketing of the appeal. The court stated: "That did not constitute compliance with the rule in respect to time. Still the record was filed and the cause docketed in this court within the extended time allowed for that purpose, and the appellee was not prejudiced in its right to have included in such record anything additional to that designated by the appellant * * *. The departures from the rules on which the motion to dismiss is predicated are emphatically disapproved, but the circumstances do not call for the extreme penalty of dismissal of the appeal."

We do not think that appellant here deserves the consideration that the appellant in the *Yager* case received from the court.

On September 9, 1958, appellant filed in this court a motion for extension of time for the filing of the record on appeal. Attached to the motion was an affidavit of the clerk of the circuit court stating that he was unable to locate one of the files described in the designation and that appellant's attorney was leaving for the mainland on the following day. The motion was filed one hour after the filing of the designation in the circuit court. Apparently, appellant's attorney had hurriedly filed the designation and the motion before his impending departure for the mainland. If the designation had been filed promptly after the filing of the notice of appeal, instead of on the same day as the motion for extension, the clerk of the circuit court would have had fifty-nine days within which to locate the file and an extension of time for the filing of the record on appeal predicated on the missing file would not have been necessary.

Also attached to the motion for extension was an affidavit of appellant's attorney stating that the court reporter left the Territory on August 27, 1958, on her annual vacation and that the transcript of evidence would not be available within the time allowed by the circuit court for the filing of the record on appeal. Rule 8 (c) of the rules of this court provides that the failure of the court reporter to furnish a transcript of evidence shall not excuse delay in the filing of the record unless, within ten days after the filing of the judgment sought to be set aside, the appellant shall have obtained from the circuit court a direction to the reporter to prepare and furnish the desired transcript in the regular order of cases tried or on such order as the court shall direct. Appellant did not obtain such direction at any time.

This court granted appellant's motion for extension but it did so improvidently in the absence of information concerning his infractions of the rules.

In *United States* v. *Consolidated Freightways,* 178 F. (2d) 756, the appellee moved to vacate the several orders of the court extending the time within which the appellant might file the record and docket the appeals and to dismiss the appeals. Upon finding that there was inexcusable lack of diligence on the part of the appellant in complying with the rules, the court set aside the orders of

extension as having been improvidently entered and dismissed the appeals.

The record in this case shows appellant's inexcusable indifference to the rules. We, therefore, set aside the previous action of this court approving appellant's motion for extension and grant appellee's motion to dismiss the appeal.

*Richard D. Welsh* for appellee, for the motion.

*W. Y. Char* for appellant, contra.