LIFE OF THE LAND, et al., Plaintiffs-Appellants, *v.* THE LAND USE COMMISSION OF THE STATE OF HAWAII, et al., Defendants-Appellees

NO. 5902

AUGUST 24, 1977

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

*Per Curiam.* Plaintiffs Life of the Land, Charles O. Carr, on behalf of himself and on behalf of Life of the Land, Charles Kauluwehi Maxwell, Sr., William Hale, Dr. Satya Sood, Max Kincaid, Jr. and Keith Wicklund (appellants) appeal from the order of the circuit court dismissing their complaint for declaratory judgment against, and their appeal from, the defendants Land Use Commission of the State of Hawaii and eleven persons individually and in their official capacity (commission). The appellants further appeal, *inter alia*, from the court's order denying appellants' motion for an order of notification of suit to parties affected by commission Decision.

The appellants, on January 17, 1975, filed in the court below, a pleading entitled "Complaint and Appeal from Administrative Agency; Notice of Appeal to Circuit Court and Designation of Record on Appeal; Order to Certify and Transmit Record on Appeal".

The Complaint is in the nature of a complaint for declaratory judgment. The appellants filed the complaint as an original action in the court below, and in the alternative, filed an appeal to circuit court from the decisions of the commission.

The appellants alleged that the circuit court's jurisdiction is based upon HRS §§ 91-7, 91-14, and 632-1.

The complaint and appeal are both premised primarily on the contention of appellants that a particular order of the commission entitled Special Order 74-1 was adopted in violation of the Administrative Procedures Act, HRS Chapter 91, especially the rule-making provisions of HRS § 91-4.

The appellants, by way of the complaint, sought a judicial declaration that the Special Order 74-1 was invalid and of no force and effect.

The appellants in their appeal alleged that the commission in conducting the 1974 periodic review of district classifications of lands throughout the State of Hawaii pursuant to HRS § 205-11[1] relied on the invalid Special Order 74-1 and thus the decisions in approximately 157 separate dockets are null and void and of no force or effect.

The combined pleading of complaint and appeal contains nine counts. The pleading does not refer to any specific decision and order of the commission but simply refers to all of the decisions during a certain period of the commission. The appellants failed to give notification to and effectuate service of the pleading to the various parties presumably involved in the 157 dockets.

The commission filed motions to dismiss appeal for lack of jurisdiction and dismissal of complaint for failure to join indispensable parties.

The commission contended that the appellants, in its appeal, fail to cite any specific docket or decision and order rendered by the commission from which appellants are appealing, as required by HRS §§ 91-14(a) and (b).

The commission contended that appellants "appeal from the decisions made pursuant to Section 205-11 HRS which were entered by the Land Use Commission of the State of Hawaii the week of December 16 through 20, 1974" did not meet the jurisdictional requirements of HRS § 91-14 (Supp. 1975). The commission further argued in the appeal below,

---

[1] Repealed by Act 193, S.L.H. 1975 (Act approved June 2, 1975).

that the appellants failed to observe the provisions of Rule 72(c), H.R.C.P., requiring service of the notice of appeal upon each appellee.

In the motion to dismiss the complaint for a declaratory judgment the commission contended that the appellants have failed to join indispensable parties to the action as provided in Rule 19, H.R.C.P.

An affidavit of Tatsuo Fujimoto, executive officer of the Land Use Commission, filed by the commission together with its motion to dismiss appeal and complaint states, *inter alia*, as follows:

That approximately 157 dockets were heard under contested case procedure by the commission in the boundary review;

That approximately 66,800 acres in the four counties of this State were reclassified as follows:

| | | |
|---:|---|---|
| 4,730 acres | | agricultural to urban, |
| 2 | " | rural to urban, |
| 705 | " | conservation to urban, |
| 22 | " | agricultural to rural, |
| 3,375 | " | urban to agricultural, |
| 4 | " | rural to agricultural, |
| 33,277 | " | conservation to agricultural, |
| 678 | " | urban to conservation, |
| 23,871 | " | agricultural to conservation. |

The circuit court granted the commission's motions stating in relevant part:

IT IS HEREBY ORDERED as follows:

1. That the appeal by Appellants . . . is dismissed for lack of jurisdiction by this Court.

2. That the declaratory judgment action filed by Plaintiffs is dismissed for failure to join indispensable parties . . . .

In our opinion the circuit court has subject matter jurisdiction over appeals brought from actions of administrative agencies. HRS § 91-14.

The circuit court also has jurisdiction to render declaratory judgments under HRS §§ 91-7 and 632-1 (Supp. 1975).

We are of the opinion that the circuit court erred in dismissing appellants' appeal on the ground that the court lacked jurisdiction. In our opinion the pleadings compounded by an insufficient record raise the following questions, at the least:

1. The standing of the appellants, individually and as a nonprofit corporation, as "person aggrieved". *See East Diamond Head Association v. Zoning Board,* 52 Haw. 518, 479 P.2d 796 (1971); *see also Town v. Land Use Commission,* 55 Haw. 538, 524 P.2d 84 (1974), relative to "contested case"; *see also Dalton v. City and County of Honolulu,* 51 Haw. 400, 462 P.2d 199 (1969).

2. Is the periodic review of district classification of lands a "rule making" process? *See Town v. Land Use Commission, supra.*

3. Who are the parties and what are the facts and issues in each of the 157 dockets presumably resolved by the commissions?

4. What specific issues and decisions and order are the appellants, individually and a non-profit corporation, appealing from?

To avoid an unnecessary subsequent appeal on the question of whether lack of service of a certified copy of the notice of appeal on every other party to the proceedings pursuant to HRS § 91-14(b) (Supp. 1975) and Rule 72(c), H.R.C.P., is jurisdictional as contended by the commission, we render the following opinion:

HRS § 91-14(b) (Supp. 1975) provides the "proceedings for review shall be instituted in the circuit court . . . pursuant to the provisions of the Hawaii Rules of Civil Procedure . . . ." The operative rule is Rule 72, H.R.C.P. It provides in relevant part:

> (a) How Taken. Where a right of . . . review in a circuit court is allowed by statute, any person adversely affected by the decision, order or action of a governmental . . . body . . . may appeal from such decision, order or

action by filing notice of appeal in the circuit court . . . . As used in this rule, the term . . . "appellee"-means every governmental body . . . whose decision, order or action is appealed from, and every other party to the proceedings.

. . . .

(c) Service. Promptly after filing the notice of appeal, the appellant shall serve a certified copy thereof upon each appellee.

It is minimally clear that the rule requires service of the notice of appeal to parties other than the commission. The question we must resolve is whether this notice requirement is a jurisdictional one, with noncompliance resulting in the deprivation of the circuit court's jurisdiction over the appeal. We hold that it is not a jurisdictional requirement.

HRS § 91-14 is entitled "Judicial review of contested cases". The circuit court is limited to reviewing the record of the proceedings before, and decision of the agency as designated by the parties. HRS § 91-14(d) and (f) (Supp. 1975); Rule 72(d), H.R.C.P. If a party wishes to introduce additional material evidence it must petition the court to reopen the proceeding before the agency for this purpose. HRS § 91-14(e) (Supp. 1975).

Upon review of the record the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:

(1) In violation of constitutional or statutory provisions; or

(2) In excess of the statutory authority or jurisdiction of the agency; or

(3) Made upon unlawful procedure; or

(4) Affected by other error of law; or

(5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary, or capricious, or characterized by

abuse of discretion or clearly unwarranted exercise of discretion.

HRS §91-14(g) (Supp. 1975). These provisions, combined with those of Rule 72, H.R.C.P. entitled "Appeal to a Circuit Court", establish the nature of the proceeding before the court as an appeal.[2]

The powers of the circuit court substantially parallel those of this court over appeals. In resolving this issue of first impression, the cases this court has decided which establish the jurisdictional requirements of an appeal to this court are helpful. The cumulative effect of these decisions is succinctly stated in Justice Lewis' concurring opinion in *In re Goodfader*, 45 Haw. 317, 345, 367 P.2d 472, 488 (1961):

> While under Rule 73(a) service of the notice of appeal is not a jurisdictional step *(Clifford v. Clifford,* 43 Haw. 48; *Laupahoehoe Sugar Company v. Lalakea,* 27 Haw. 682), appellant must bring into court all necessary parties or hazard dismissal. *Lufkin v. Grand Hotel Co.,* 24 Haw. 744, 748. Appellant has the burden of complying promptly with all the requirements of Rules 73 and 75. *Clifford v. Clifford, supra.* These requirements include service by appellant on all affected parties (see Rule 5(a)) of the notice of appeal and other papers specified in the rules.

The provisions of Rules 73 and 75, H.R.C.P., for the manner and time to take appeal to this court are again substantively paralleled by Rule 72(a)-(d), H.R.C.P., which provides for the taking of an appeal to the circuit court. Both provide for the filing of a notice of appeal in the respective courts within 30 days from the final decision of the court or agency. Rules 73(a) and 72(a), H.R.C.P. Both provide for the transmission of papers, transcripts, and exhibits considered by the lower court or agency as a record on appeal. Rules 73(g), 75 and 72(d), H.R.C.P. Finally, both provide for the service of the notice of appeal "upon each of the parties affected thereby", Rules 5(a) and 73(b), H.R.C.P., or to

---

[2] HRS § 91-14's provisos for statutory right to trial de novo and/or trial by jury are not applicable to this case.

"every other party to the proceedings". Rule 72(a) and (c), H.R.C.P.

Given this similarity, we see no reason why we should not apply the law as it has developed under Rule 73, H.R.C.P., to Rule 72, H.R.C.P. That Rule 73(a), H.R.C.P. explicitly states,

> Failure of an appellant to take any step other than the timely filing of notice of appeal does not affect the validity of the appeal

and Rule 72, H.R.C.P., does not, is not sufficient grounds for this court to impose the harshness of a dismissal upon an appellant.

To paraphrase Justice Lewis, we hold, while under Rule 72, service of the notice of appeal is not a jurisdictional step, appellants must bring into court all necessary parties or hazard dismissal. Appellants have the burden of complying promptly with all the requirements of Rule 72. These requirements include service by appellants on every other party to the proceedings of the notice of appeal and other papers specified by the rule.

We are of the further opinion that the circuit court's dismissal of appellants' complaint for failure to join indispensable parties was also erroneous. If, as the circuit court implicitly found, that there are indispensable parties, these parties should have been joined as parties to the action for declaratory judgment and they have not been so joined, the court should have ordered that they be made parties. Rule 19(a), H.R.C.P. If the necessary parties cannot be made parties to the action then the court should "determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person[s] being thus regarded as indispensable." Rule 19(b), H.R.C.P. Since the record does not indicate that the alleged necessary parties were not subject to service of process, the court's dismissal was premature.

Where a complaint for declaratory judgment is premised on HRS § 91-7, it is clear that the complainant can more readily show its standing to seek the relief. However, a com-

plaint for declaratory judgment premised on HRS § 632-1 (Supp. 1975) places the complainant under a greater and more severe test in seeking the petitioned for relief. Thus, a proper record must be established to warrant any appellant the sought for relief.

We, therefore, remand to the circuit court for further proceedings in accordance with this opinion.

*Edward Cooper Brown (Boyce R. Brown, Jr.,* and *Edward C. Kemper* with him on the brief) for plaintiffs-appellants.

*Benjamin M. Matsubara,* Special Deputy Attorney General *(Gary B. K. T. Lee* with him on the brief) for defendant-appellee Land Use Commission.