THEODORE B. JORDAN, Intervenor-Appellant, *v.* MACK H. HAMADA, Chairman, Hawaii Public Employment Relations Board; JOHN E. MILLIGAN and JAMES K. CLARK, Board Members of the Hawaii Public Employment Relations Board and the HAWAII PUBLIC EMPLOYMENT RELATIONS BOARD, Appellees, and the HAWAII GOVERNMENT EMPLOYEES' ASSOCIATION, LOCAL 152, AFSCME, AFL-CIO, Petitioner-Appellee

NO. 6547

SEPTEMBER 8, 1980

RICHARDSON, C.J., OGATA, MENOR, LUM AND NAKAMURA, JJ.

OPINION OF THE COURT BY NAKAMURA, J.

The sole question for decision is whether an appeal from an administrative agency to a circuit court was rendered fatally defective by the appellant's failure to include the name of the agency in the caption of the notice of appeal. We hold that it was not, and reverse the circuit court's dismissal of the appeal.

I.

Appellant Theodore B. Jordan is a state employee belonging to an appropriate collective bargaining unit represented by Appellee Hawaii Government Employees' Association, Local 152, AFSCME, AFL-CIO (hereafter HGEA) for purposes of collective bargaining under Hawaii's public sector collective bargaining law, HRS Chapter 89. As a certified "exclusive representative," HGEA is allowed by HRS § 89-4[1]

---

[1] HRS § 89-4 reads in relevant part:
(a) The employer shall, upon receiving from an exclusive representative a written statement which specifies an amount of reasonable service fees necessary to defray the costs for its services rendered in negotiating and administering an agreement and computed on a pro rata basis among all employees within its

446

to collect a "service fee"[2] deemed reasonable by the Hawaii Public Employment Relations Board (hereafter HPERB) from each employee in a bargaining unit it is certified to represent. On August 15, 1975, HGEA filed a petition to have the reasonableness of its service fees determined. HPERB permitted Jordan to intervene in this proceeding because of a manifest interest. After a hearing where the intervenor raised numerous objections to the approval of HGEA's service fees, HPERB found them reasonable and on December 10, 1976 issued Decision No. 72, which contained pertinent findings of fact, conclusions of law, and orders.

Jordan filed a notice of appeal from the decision in the First Circuit Court on January 7, 1977. There was no reference to the administrative agency in the captions of the appeal documents, the employee organization being the only appellee there designated.[3] The relevant documents included a notice of appeal, a designation of record on appeal, a detailed statement of the case on appeal, and an order directing HPERB to certify and transmit the entire record of the agency proceeding to the circuit court, the order being filed shortly after the other documents. Appellant made prompt service of copies of all the foregoing papers on both HGEA and HPERB.

HGEA moved to dismiss the appeal to the circuit court, asserting, *inter alia,* that appellant had failed to join an

appropriate bargaining unit, deduct from the payroll of every employee in the appropriate bargaining unit the amount of service fees and remit the amount to the exclusive representative. A deduction permitted by this section, as determined by the board to be reasonable, shall extend to any employee organization chosen as the exclusive representative of an appropriate bargaining unit. If an employee organization is no longer the exclusive representative of the appropriate bargaining unit, the deduction shall terminate.

[2] HRS § 89-2(16) defines "service fee" to mean "an assessment of all employees in an appropriate bargaining unit to defray the cost for services rendered by the exclusive representative in negotiations and contract administration." It is the equivalent of an "agency fee" in the parlance of private sector collective bargaining.

[3] The notice of appeal (to the circuit court), however, stated the appeal was from Decision No. 72 of the State of Hawaii Public Employment Relations Board. The statement of the case on appeal also contained a full resume of the pertinent proceeding with numerous references to both HPERB and HGEA.

indispensable party, the non-joinder allegedly resulting from the absence of HPERB's name from the captions of the pleadings. Prior to the hearing on the motion, appellant filed amended pleadings that designated HPERB and its members as appellees in the captions. These, however, were filed more than thirty days after Decision No. 72 had been issued. The circuit court granted the motion to dismiss. In its view, the applicable procedural rule, Rule 72, H.R.C.P., made the naming of HPERB as an appellee a prerequisite for judicial review. And as the amendments that might have cured the crucial omission were filed beyond the thirty-day period allowed by law for the institution of review proceedings, the notice of appeal was held procedurally deficient. Thus, the narrow issue before us is whether there· is a jurisdictional requirement that the agency whose decision is being appealed be expressly designated an appellee by appellant when judicial review of an administrative decision is sought.

II.

Appeals from administrative agencies to a circuit court are governed by section 14 of the Hawaii Administrative Procedure Act (HRS § 91-14) and Rule 72 of the Hawaii Rules of Civil Procedure. *Life of the Land v. Land Use Commission*, 58 Haw. 292, 568 P.2d 1189 (1977). HRS § 91-14 evinces a purpose to grant broad rights to judicial review as it permits "any person aggrieved" by a final decision or order of a government agency to seek review, provided he institutes proceedings in the circuit court within thirty days of service of the decision or order.[4] The procedural rule implementing this

---

[4] In 1977 HRS § 91-14 read in pertinent part:

Judicial review of contested cases. (a) Any person aggrieved by a final decision and order in a contested case or by a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief is entitled to judicial review thereof under this chapter; but nothing in this section shall be deemed to prevent resort to other means of review, redress, relief, or trial de novo, including the right of trial by jury, provided by law.

(b) Except as otherwise provided herein, proceedings for review shall be

statutory right is Rule 72, H.R.C.P., and it provides that a request for review may be instituted "by filing a notice of appeal in the circuit court" within the thirty-day period specified by law.[5] The rule further requires prompt service of such notice upon each appellee, the designation of the record to be presented to the reviewing court, and the filing of a statement of the case and prayer for relief.[6] By its terms, "appellee" includes "every governmental body or official (other than a court) whose decision, order or action is appealed from, and every other party to the proceedings.'"[7]

Following the foregoing legislative policy and a principle of statutory construction that "[s]tatutes governing appeals are liberally construed to uphold the right of appeal," *Credit Associates of Maui v. Montilliano*, 51 Haw. 325, 329, 460 P.2d 762, 765 (1969), we have applied the pertinent statute to facilitate the judicial review of administrative decisions and

---

instituted in the circuit court within thirty days after the preliminary ruling or within thirty days after service of the certified copy of the final decision and order of the agency pursuant to the provisions of the Hawaii Rules of Civil Procedure, except where a statute provides for a direct appeal to the supreme court and in such cases the appeal shall be in like manner as an appeal from the circuit court to the supreme court, including payment of the fee prescribed by section 607-5 for filing the notice of appeal (except in cases appealed under sections 11-51 and 40-91). The court in its discretion, may permit other interested persons to intervene.

[5] Rule 72, H.R.C.P., reads in pertinent part:
Rule 72. APPEAL TO A CIRCUIT COURT.

(a) How Taken. Where a right of redetermination or review in a circuit court is allowed by statute, any person adversely affected by the decision, order or action of a governmental official or body other than a court, may appeal from such decision, order or action by filing a notice of appeal in the circuit court having jurisdiction of the matter. As used in this rule, the term "appellant" means any person or persons filing a notice of appeal, and "appellee" means every governmental body or official (other than a court) whose decision, order or action is appealed from, and every other party to the proceedings.

(b) Time. The notice of appeal shall be filed in the circuit court within 30 days after the person desiring to appeal is notified of the rendering or entry of the decision or order; or of the action taken, in the manner provided by statute.

(c) Service. Promptly after filing the notice of appeal, the appellant shall serve a certified copy thereof upon each appellee.

[6] *See* Rule 72(b), (c), and (d), H.R.C.P.

[7] *See* n. 5, *supra*.

orders. Standing to appeal an agency decision as an "aggrieved" person, for example, has not been conditioned upon formal intervention in the agency proceeding. *In re Application Of Hawaiian Electric Co.*, 56 Haw. 260, 535 P.2d 1102 (1975); *East Diamond Head Association v. Zoning Board*, 52 Haw. 518, 479 P.2d 796 (1971). Participation in a hearing as an adversary without formal intervention has been held sufficient to give rise to appeal rights.[8] Rule 72, also, has not been regarded as a road block to judicial review in any sense. *Life of the Land v. Land Use Commission, supra.*

In *Life of the Land v. Land Use Commission*, an issue presented for determination was whether Rule 72's mandate for service of a notice of appeal upon each appellee "is a jurisdictional one, with noncompliance resulting in the deprivation of the circuit court's jurisdiction over the appeal." *Id.* at 296, 568 P.2d at 1193. Since the powers of the circuit court relative to review of administrative decisions "substantially parallel" our authority over appeals, we sought guidance from prior decisions establishing jurisdictional prerequisites for appeals to this court. A further reason for turning to these decisions for direction was the apparent "substantive parallelism" between Rule 72 and Rules 73 and 75, H.R.C.P., the court rules governing appeals to this court.[9] The "cumulative effect of these decisions" was succinctly summarized by

---

[8] This is not to say that one who has not participated in some phase of a contested case can appeal merely because he has been "aggrieved." *See* Life of the Land v. Land Use Commission, 61 Haw. 3, 594 P.2d 1079 (1979); City & County of Honolulu v. Public Utilities Comm., 53 Haw. 431, 495 P.2d 1180 (1972).

[9] The conclusion in this regard was premised on the following observations:

The provisions of Rules 73 and 75, H.R.C.P., for the manner and time to take appeal to this court are again substantively paralleled by Rule 72(a)-(d), H.R.C.P., which provides for the taking of an appeal to the circuit court. Both provide for the filing of a notice of appeal in the respective courts within 30 days from the final decision of the court or agency. Rules 73(a) and 72(a), H.R.C.P. Both provide for the transmission of papers, transcripts, and exhibits considered by the lower court or agency as a record on appeal. Rules 73(g), 75 and 72(d), H.R.C.P. Finally, both provide for the service of the notice of appeal "upon each of the parties affected thereby," Rules 5(a) and 73(b), H.R.C.P., or to "every other party to the proceedings." Rule 72(a) and (c), H.R.C.P.

58 Haw. at 297-98, 568 P.2d at 1193.

Justice Lewis in her concurring opinion in *In re Goodfader*, 45 Haw. 317, 345, 367 P.2d 472, 488 (1961), when she said:

> While under Rule 73(a) service of the notice of appeal is not a jurisdictional step *(Clifford v. Clifford*, 43 Haw. 48; *Laupahoehoe Sugar Company v. Lalakea*, 27 Haw. 682), appellant must bring into court all necessary parties or hazard dismissal. *Lufkin v. Grand Hotel Co.*, 24 Haw. 744, 748. Appellant has the burden of complying promptly with all the requirements of Rules 73 and 75. *Clifford v. Clifford, supra:* These requirements include service by appellant on all affected parties (see Rule 5(a) ) of the notice of appeal and other papers specified in the rules.

The holding in *Life of the Land v. Land Use Commission, supra*, at 298, 568 P.2d at 1194, in accord with the above, was that service of a notice of appeal was "not a jurisdictional step." Implicit therein was a belief that Rule 72 imposes no more than a modicum of jurisdictional requisites. However, appellants were forewarned that they hazarded possible dismissal by not bringing all necessary parties into court and effecting prompt compliance with the requirements of the rule.

### III.

Jordan, whose standing to seek review of Decision No. 72 is beyond cavil, filed a notice of appeal, accompanied by a designation of the record and a statement of the case, all within thirty days of the decision. He made prompt service of these documents on both HGEA and HPERB. The record discloses his compliance with all requirements stated by Rule 72. HGEA does not claim to have been without knowledge of any aspect of the appeal. It agrees a timely notice of appeal vests a circuit court with appellate jurisdiction over an agency decision. But it nonetheless asserts Jordan's notice was devoid of a necessary element (the naming of the agency), that this resulted in a non-joinder of an indispensable party, and as the attempted joinder came too late, the circuit court was bereft of jurisdiction. We do not view the situation in similar light.

HGEA's argument that there was a fatal non-joinder ignores a salient fact; Rule 72's definition of "appellee" includes "every governmental body or official (other than a court) whose decision, order or action is appealed from, and every other party to a proceeding." The provision is subject to two possible applications: a timely notice of appeal, *ipso facto*, makes an agency whose decision is appealed an appellee; or, the agency is by rule a party "needed for just adjudication" who may be joined if feasible, even on the court's initiative. Under either, a failure to designate an agency as an appellee is hardly cause for dismissal, particularly where there is a policy favoring judicial review of administrative actions.

"We should think of [a] notice of appeal as a sign, not a rite. Its function is to communicate, not to perform a ceremony." *In re Dean Trust*, 47 Haw. 304, 307, 387 P.2d 218, 220 (1963) (concurring opinion). The appeal papers served on HGEA and HPERB communicated Jordan's desire to seek judicial review in timely fashion and with sufficient particularity to enable both to respond. A ruling that more was required to properly endow the circuit court with authority to consider the appeal would be an undue preference of archaic formalism over Rule 72's purpose. Cognizant of the rule's purpose to facilitate judicial review, we reiterate what was implied in *Life of the Land v. Land Use Commission, supra*, at 298, 568 P.2d at 1194; a "[f]ailure of an appellant to take any step other than the timely filing of notice of appeal does not affect the validity of the appeal . . . ," so long as all necessary parties are subsequently brought into court and there is prompt compliance with the requirements of Rule 72. A timely notice identifying the decision or order being appealed and the parties involved in the administrative proceeding is sufficient to vest the circuit court with authority to consider the appeal. Its jurisdiction over any appellee (including the administrative agency) is, of course, contingent upon prompt service of the appeal documents or upon subsequent joinder pursuant to Rule 19, H.R.C.P., if necessary.

This is consistent with our policy which "has always been to permit litigants, where possible, to appeal," *Jones v. Die-*

*ker,* 39 Haw. 208, 209 (1952), and to liberally construe rules on appellate procedure. *See Island Holidays v. Fitzgerald,* 58 Haw. 552, 574 P.2d 884 (1978); *Credit Associates of Maui v. Montilliano, supra; In re Dean Trust, supra; Madden v. Madden,* 43 Haw. 148 (1959).

It is also consonant with relevant precedent from other jurisdictions. *Evans v. Wisconsin Department of Local Affairs & Development,* 62 Wis. 2d 622, 215 N.W.2d 408 (1974), arose from a factual context where an appellee's name was also omitted from the caption or title of a petition for judicial review of an administrative decision. The omission, however, was in apparent breach of the governing statute. The Supreme Court of Wisconsin nevertheless refused to void the petition, stating in part, "We view the faulty caption as a misnomer that in no way affected the subject matter jurisdiction of the court nor the grounds alleged for review." 62 Wis. 2d at 626, 215 N.W.2d at 411.

In *Hopper v. Industrial Commission,* 27 Ariz. App. 732, 558 P.2d 927 (1976), a petition for review of a workers' compensation claim that identified neither the employer nor its insurance carrier in the caption and body of the petition was deemed valid in the face of the carrier's contention that the reviewing court was without jurisdiction because of the omission. The Court of Appeals of Arizona found the necessary identification was supplied by references in the petition to the Industrial Commission claims file number. Its pertinent views were:

A defect in identifying a party against whom an appeal is taken does not necessarily invalidate the appeal, particularly where the judgment being appealed is sufficiently identified and sufficient notice is given so that the putative appellee is neither misled nor prejudiced. *Hanen v. Willis,* 102 Ariz. 6, 423 P.2d 95 (1967). We can see no reason why these same principles should not apply to questions involving the review of workmen's compensation proceedings in this Court.

27 Ariz. App. at 737, 558 P.2d at 932.

The circuit court's order of dismissal is reversed and the case is remanded for further proceedings.

*Edwin L. Doernberger (James S. Campbell* and *Kent M. Keith* with him on the briefs; *Cades, Schutte, Fleming & Wright* of counsel) for intervenor-appellant.

*Benjamin C. Sigal (Shim, Sigal, Tam & Naito* of counsel) for petitioner-appellee.