157 P.3d 526

**HAWAII HOME INFUSION ASSOCIATES, Plaintiff–Appellant,**

v.

**Nelson B. BEFITEL, Director, Department of Labor and Industrial Relations, State of Hawai'i; Kuhio Motors, Inc.; Adjusting Services of Hawaii, Inc.; and Majestic Insurance Company, Defendants–Appellees,**

and

**Edward Shepherd, Defendant.**

No. 27256.

Supreme Court of Hawai'i.

April 16, 2007.

Frank Yap, Jr., Honolulu, and Arleen D. Jouxson, Wahiawa, and Rafael G. Del Castillo of Jouxson–Meyers & Del Castillo, on the briefs, for the plaintiff-appellant Hawaii Home Infusion Associates.

Staci I. Teruya and Frances E.H. Lum, Deputy Attorneys General, on the briefs, for the defendant-appellee Nelson B. Befitel, Director of the Department of Labor and Industrial Relations, State of Hawai'i.

Sidney J.Y. Wong and Darlene Y.F. Itomura, of Wong & Oshima, on the briefs, Honolulu, for the defendants-appellees Kuhio Motors, Inc., Adjusting Services of Hawaii, Inc., and Majestic Insurance Company.

1. The Honorable Richard W. Pollack presided through August 1, 2004, including over the disposition of the motion to dismiss discussed *infra*.

2. "We will treat the petition as a complaint because civil actions are to be commenced by a complaint." *In re Smith*, 68 Haw. 466, 468, 719 P.2d 397, 399 (1986) (citing Hawai'i Rule of Civil Procedure 3). *But see* Hawai'i Revised Statutes § 91-7(a) (1993) (referring to the party bringing the declaratory action as "petitioner").

3. HAR § 12-15-94(d) provides in relevant part:

MOON, C.J., LEVINSON, NAKAYAMA, and DUFFY, JJ.; and ACOBA, J., Concurring Separately.

Opinion of the Court by LEVINSON, J.

The plaintiff-appellant Hawaii Home Infusion Associates (HHIA) appeals from the first circuit court's March 28, 2005 judgment, the Honorable Karen S.S. Ahn presiding,[1] awarding summary judgment in favor of the defendants-appellees Nelson B. Befitel, director of the State of Hawaii's Department of Labor and Industrial Relations (DLIR) [hereinafter, "the director"], Kuhio Motors, Inc. (KM), Adjusting Services of Hawaii, Inc. (ASH), and Majestic Insurance Company (MIC) [hereinafter, collectively, "the Appellees"] and against HHIA and dismissing "[a]ll other claims and all other parties."

On appeal, HHIA challenges the circuit court's judgment insofar as it effectively barred its appeal from the director's decision to the Labor and Industrial Relations Appeals Board.

For the reasons discussed *infra* in section III.B, we hold that the first circuit court lacked subject matter jurisdiction over HHIA's declaratory action and, accordingly, vacate the judgment below and remand with instructions to dismiss HHIA's complaint.

## I. BACKGROUND

On April 2, 2004, HHIA filed a "petition"[2] for declaratory relief in the first circuit court, *inter alia*, challenging, on "substantive due process" and separation-of-powers grounds, the provision of Hawai'i Administrative Rules (HAR) § 12-15-94(d) (2001) that bars appeals from certain billing dispute resolution decisions.[3] As bases for

In the event a reasonable disagreement relating to specific charges cannot be resolved, the ... provider of service may request intervention by the director.... The director shall send the parties a notice and the parties shall negotiate during the thirty-one calendar days following the date of the notice.... If the parties fail to come to an agreement during the thirty-one calendar days, then fourteen calendar days following the thirty-one day negotiating period, either party may file a request ... to the director to review the dispute.... The director shall send the parties a second notice request-

the first circuit court's jurisdiction, HHIA invoked Hawai'i Revised Statutes (HRS) §§ 91–7 (1993)[4] and 632–1 (1993) (concerning, *inter alia,* circuit courts' jurisdiction over declaratory actions). According to its complaint, HHIA's "principal offices" are located in Lhu'e, in Kaua'i County, which is coextensive with the fifth judicial circuit, *see* HRS § 603–1(4) (Supp.1994). HHIA "renders medical care, medical services, and medical supplies ... to home-bound patients on the island of Kaua[']i" and, in particular, prepared and monitored the delivery of a "specially formulated" medicinal compound to a worker's compensation claimant, the defendant Edward Shepherd. A billing dispute among HHIA, ASH, and MIC ensued, and the director "ordered the parties" into the billing dispute process described in HAR § 12–15–94(d). HHIA asserted that the director's resulting decision was adverse to it and that HAR § 12–15–94(d) unconstitutionally deprived it of the right to an appeal therefrom.

> ing the parties file position statements.... The director shall review the positions of both parties and render an administrative decision without hearing.... The decision of the director is final and not appealable.

4. HRS § 91–7, entitled "Declaratory judgment on validity of rules," provides in relevant part:
> (a) Any interested person *may* obtain a judicial declaration as to the validity of an agency rule as provided in subsection (b) ... by bringing an action against the agency *in the circuit court of the county in which petitioner resides or has its principal place of business.* ...
> (b) The court shall declare the rule invalid it finds that it violates constitutional or statutory provisions, or exceeds the statutory authority of the agency, or was adopted without compliance with statutory rulemaking procedures.
> (Emphases added.)

5. The title of the director's motion and the substance of his accompanying memorandum seem to suggest transfer to the fifth circuit as an alternative remedy.

6. HRCP Rule 12, entitled "Defenses and objections-when and how presented-by pleading or motion ...," provides in relevant part:
> **(b) How presented.** Every defense, in law or fact, to a claim for relief in any pleading ... shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction

On June 21, 2004, the director moved to dismiss HHIA's complaint on the grounds that it "was filed in the wrong circuit."[5] (Quoting HRS § 91–7(a).) (Citing HRS § 603–37.5 (concerning "[c]ure or waiver of [venue] defects"); Hawai'i Rules of Civil Procedure (HRCP) Rules 7 (concerning "form of motions") and 12.[6]) *See also* KM's, ASH's, and MIC's Answer at 4 ("[HHIA]'s claims are barred ... because of ... lack of jurisdiction."). HHIA responded that the director's motion amounted to a challenge of venue rather than subject matter jurisdiction and was therefore untimely inasmuch as the director did not object to venue in his answer or in a pre-answer motion. (Quoting HRCP Rule 12(b) and (h), *see supra* note 5.) HHIA argued in the alternative that, were the director to claim that his motion asserted a challenge of jurisdiction rather than venue, he would be mistaken inasmuch as "venue is generally not a jurisdictional factor in Hawai[']i."[7] (Citing *Life of the Land v. Land Use Comm'n,* 58 Haw. 292, 294–95, 298, 568 P.2d 1189, 1191–94 (1977).) Construing its

> over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue.... A motion making any of these defenses shall be made before pleading if a further pleading is permitted....
> ....
> **(h) Waiver or preservation of certain defenses.**
> (1) A defense of lack of jurisdiction over the person[ or] improper venue ... is waived ... (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.
> ....
> (3) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

Inasmuch as the director cited HRCP Rule 12 generically, and based upon the substance of his motion, his asserted grounds for dismissal could be improper venue, lack of jurisdiction over the subject matter, or both. In any case, the imprecision of the director's motion cannot blind us to jurisdictional defects, which we correct, *sua sponte* if necessary, *see infra* section II.A.

7. Obviously, this merely begs the question whether the director moved for dismissal on jurisdictional or venue grounds. In any case, assuming there was a defect of subject matter jurisdiction, the circuit court was empowered to notice it and dismiss the complaint *sua sponte. See, e.g.,* HRCP Rule 12(h)(3), *supra* note 5.

argument generously, HHIA seems to have asserted that, rather than creating a territorial limitation on subject matter jurisdiction, HRS § 91-7(a) augments HRS § 603-36(5) (1993),[8] granting the plaintiff the *option* to litigate in the plaintiff's own domicile notwithstanding the *general* venue rule to the contrary.[9]

The director's July 2, 2004 reply countered "that HRS § 91-7 pertains to jurisdiction and is not a matter of venue." He cited this court's observation, in *Life of the Land,* that "[t]he circuit court ... has *jurisdiction* to render declaratory judgments under HRS § [ ] 91-7," 58 Haw. at 295, 568 P.2d at 1192 (emphasis added).[10] The director further implied that, inasmuch as HRS § 91-7 is distinct from HRS ch. 603, pt. IV (1993) and § 604-7 (Supp.2002), concerning venue in the circuit and district courts, respectively, "it should not be assumed that [HRS] § 91-7 contains a 'venue' provision." Finally, the director seems to have argued that a geographic reference in the statute under scrutiny "does not automatically" preclude its construction as a limitation on jurisdiction. (Quoting *Hawaiian Tel. Co. v. Agsalud,* 67 Haw. 39, 40, 675 P.2d 777, 778 (1984).)

8. HRS § 603-36, entitled "Actions and proceedings, where to be brought," provides in relevant part:

> Actions and proceedings of a civil nature within the jurisdiction of the circuit courts ...
> . . . .
> (5) ... other than those specified above shall be brought[,] ... if there is more than one defendant, ... in the circuit in which the claim for relief arose unless a majority of the defendants are domiciled in another circuit, whereupon the action may be brought in the circuit where the majority of the defendants are domiciled.

9. HHIA's argument reads:

> Plainly, the phrase "by bringing an action against the agency in the circuit court of the county in which [the] petitioner resides or has its principal place of business["] ... would have no purpose if ... agencies h[e]ld the right to waive venue as other defendant[s] do.... [T]he general venue provision[,] ... [HRS § ] 603-36(5) ... establishes the circuit where the claim of relief arose or where the *defendant* is domiciled as the proper circuit for filing. Accordingly, [the d]irector ... would hold the power to waive venue were it not for the venue provision in [HRS] § [ ]91-7(a). The right to

On July 9, 2004, the circuit court conducted a hearing on the director's motion to dismiss, the transcript of which is not in the record, *cf.* Hawai'i Rule of Appellate Procedure 10(a) ("The record on appeal shall consist of ...: ... (4) the transcripts *prepared for* the record on appeal ....") (emphasis added). In its July 21, 2004 order, the circuit court denied the director's motion. The circuit court proceeded to the merits and, on January 3, 2005, granted the director's December 2, 2004 motion for summary judgment, and denied HHIA's October 1, 2004 motion for summary judgment. Accordingly, on March 28, 2005, after disposing of HHIA's motion for reconsideration, the circuit court entered final judgment in favor of the Appellees and against HHIA and dismissed all other claims and parties. On April 26, 2005, HHIA filed its notice of appeal.

## II. STANDARDS OF REVIEW

### A. Subject Matter Jurisdiction

■ Inasmuch as we are guided by the principle that, "[i]f a court lacks jurisdiction over the subject matter of a proceeding, any judgment rendered in that proceeding is invalid [and that,] therefore,

> file in the county in which [the p]etitioner is domiciled plainly protects [the p]etitioner's convenience....
> . . . .
> The Legislature intended ... HRS § 91-7 to remove barriers, not create them. The defendant[ ] in a[n HRS] § [ ]91-7 [complaint] is always a governmental agency.... If the concept of domicile is applicable to state agencies, certainly they must ... be domiciled ... in the seat of government in [the City and County of] Honolulu[, hence, in the first circuit, *see* HRS § 603-1(1) (Supp.1994) ].... The purpose underlying ... [HRS] § [ ]91-7 thus must have been the elimination of a barrier to declaratory actions challenging the validity of agency rules. Disallowing a waiver of the venue provision would create barriers to petitioners choosing the most convenient circuit for filing their declaratory action....

(Emphasis in original.) (Footnote omitted.)

10. We decided *Life of the Land* on unrelated grounds, to wit, that "[i]f, as the circuit court implicitly found, ... there [we]re indispensable parties," the circuit court should have endeavored to join such parties, if possible, before dismissing the action outright. *See* 58 Haw. at 298, 568 P.2d at 1194.

such a question is valid at any stage of the case, ... [we ... are] obliged to first [e]nsure that [the circuit court] ha[d subject matter] jurisdiction.["]

*Tamashiro v. Dep't of Human Servs.*, 112 Hawaiʻi 388, 398–99, 146 P.3d 103, 113–14 (2006) (some brackets in original and some added) (quoting *Bush v. Hawaiian Homes Comm'n*, 76 Hawaiʻi 128, 133, 870 P.2d 1272, 1277 (1994)).

B. *Statutory Interpretation*

 ["]The interpretation of a statute is a question of law reviewable *de novo.*["] *State v. Arceo*, 84 Hawaiʻi 1, 10, 928 P.2d 843, 852 (1996)[ (internal quotation signals omitted) ].

Furthermore, our statutory construction is guided by established rules:

When construing a statute, our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. And we must read statutory language in the context of the entire statute and construe it in a manner consistent with its purpose.

When there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists. . . .

In construing an ambiguous statute, "[t]he meaning of the ambiguous words may be sought by examining the context, with which the ambiguous words, phrases, and sentences may be compared, in order to ascertain their true meaning." HRS § 1–15(1) [ (1993) ]. Moreover, the courts may resort to extrinsic aids in determining legislative intent. One avenue is the use of legislative history as an interpretive tool.

*Gray* [*v. Admin. Dir. of the Court*], 84 Hawaiʻi [138,] 148, 931 P.2d [580,] 590 [ (1997) ] (quoting *State v. Toyomura*, 80 Hawaiʻi 8, 18–19, 904 P.2d 893, 903–04 (1995)) (brackets and ellipsis points in original) (footnote omitted). This court may also consider "[t]he reason and spirit of the law, and the cause which induced the legislature to enact it ... to

discover its true meaning." HRS § 1–15(2). . . . "Laws *in pari materia,* or upon the same subject matter, shall be construed with reference to each other. What is clear in one statute may be called upon in aid to explain what is doubtful in another." HRS § 1–16 (1993).

*State v. Koch*, 107 Hawaiʻi 215, 220, 112 P.3d 69, 74 (2005) [ (some brackets added and some in original) (one ellipsis added and some in original) ] (quoting *State v. Kaua*, 102 Hawaiʻi 1, 7–8, 72 P.3d 473, 479–480 (2003)). Absent an absurd or unjust result, *see State v. Haugen*, 104 Hawaiʻi 71, 77, 85 P.3d 178, 184 (2004), this court is bound to give effect to the plain meaning of unambiguous statutory language; we may only resort to the use of legislative history when interpreting an ambiguous statute. *State v. Valdivia*, 95 Hawaiʻi 465, 472, 24 P.3d 661, 668 (2001).

*Courbat v. Dahana Ranch, Inc.*, 111 Hawaiʻi 254, 260–61, 141 P.3d 427, 433–34 (2006) (emphasis omitted) (some brackets and ellipses added and some in original).

## III. *DISCUSSION*

A. *Introduction*

The dispositive issue before us is whether HRS § 91–7(a), *see supra* note 3—under which HHIA "may" challenge an administrative rule through a declaratory action "in the circuit court of the county in which [HHIA] ... has its principal place of business," *i.e.*, the fifth circuit court [hereinafter, "the county rule"]—(1) endows the fifth circuit court and only the fifth circuit court with subject matter jurisdiction over HHIA's action, or (2) merely expands the general venue rule set forth in HRS § 603–36(5), *see supra* note 7. If the latter is true, the director's motion was untimely and, accordingly, any venue defect was waived. If, on the other hand, the county rule is a restriction on subject matter jurisdiction, we must notice the first circuit court's lack of subject matter jurisdiction *sua sponte* and vacate its decision.

The uncertainty of the meaning of the county rule springs from (1) its use of the word "may" rather than "shall" and (2) its

silence with respect to whether the petitioner's domicile controls venue or jurisdiction. HHIA might argue that HRS § 632–1 confers jurisdiction that is not conditioned upon any geographic factor: "In cases of actual controversy, courts of record, within the scope of their respective jurisdictions, shall have power to make binding adjudications of right. . . . Relief by declaratory judgment may be granted in civil cases. . . ." However, the phrase "within the scope of [the courts'] respective jurisdictions" simply begs the question of whether, in the case of HRS § 97–1(a), a given circuit court's jurisdiction is contingent upon the plaintiff's domicile in the corresponding county.

■■■ Illustrative authority from Hawai'i sources is succinct at best, but, in light of (1) the redundancy of the county rule if interpreted as a venue provision, (2) our interpretation of a similar statute in *Hawaiian Tel. Co.*, and (3) the fact that the county rule accounts for only the convenience of the *plaintiff*, contrary to the usual purpose of a venue statute, we hold that, for purposes of declaratory actions brought pursuant to HRS § 91–7(a), the circuit court of the plaintiff's domicile is the only circuit court that may exercise jurisdiction over the subject matter.

B. *Analysis*

Admittedly, the legislature could have drafted the county rule using the word "shall" rather than "may," so as to make its mandatory jurisdictional effect clearer. Nevertheless, we believe that "may," in the context of the county rule, implies that bringing a declaratory action in the plaintiff's home forum is an alternative to (1) seeking injunctive or monetary relief or foregoing litigation altogether, not (2) seeking declaratory judgment, but in another venue.

When it drafted the county rule, the House Judiciary Committee took as its point of departure the Model State Administrative Procedure Act of 1961, § 7 (superseded 1981), 15 U.L.A. 262 (2000 & Supp.2006), which provided that "[t]he validity or applicability of a rule *may* be determined in an action for declaratory judgment in the [District Court of . . . County]" (emphasis added) (some brackets added and some in original) (ellipsis

in original), 15 U.L.A. 262. *See* Hse. Stand. Comm. Rep. No. 8, in 1961 House Journal, at 654–55, 658; Hse. Stand. Comm. Rep. No. 83, in 1959 House Journal, 1st Spec. Sess., at 224–26, 229. The committee report, which is itself ambiguous with respect to the significance of "may" and whether the designated county is an optional venue or a mandatory situs of jurisdiction, reads in relevant part:

> [S]ection 7[ ] of the . . . Model [APA] has been amended to provide that an interested person may obtain a declaratory judgment where the rule is invalid on the grounds [now set forth in HRS § 91–7(b) ]. As to where a proceeding can be instituted, an interested person may bring an action where he resides, or in the case of a corporation where its principal place of business is located.

*See* Hse. Stand. Comm. Rep. No. 8, in 1961 House Journal, at 654–55, 658. We do not believe that the legislature, which retained the word "may" as used in the Model APA, intended to bestow an extra benefit upon HRS § 91–7 plaintiffs that they "may" ignore if they prefer to sue outside of their own domiciles.

Nevertheless, whether the county rule is "mandatory" or not, in and of itself, does not settle the question whether the plaintiff's failure to file in the prescribed county is a fatal jurisdictional defect or a venue defect capable of being waived.

■■■ We agree with the director's implicit position that subject matter jurisdiction, not just venue, may be partitioned along county lines. In *Hawaiian Tel. Co.*, we construed similar "[plaintiff] may file X in the county in which Y" syntax as mandatory and jurisdictional. In that case, we considered the first sentence of HRS § 383–38 (Supp.1977), which provided that an unemployment benefits claimant "*may* file an appeal from [a] determination or redetermination at the office of the department of labor and industrial relations *in the county in which the claimant resides or in the county in which the claimant was last employed* " (emphases added), and expressly held that filing a notice of

appeal in the wrong circuit was a defect of jurisdiction and not venue. *See* 67 Haw. at 40, 675 P.2d at 778. Accordingly, we upheld the circuit court's dismissal of the appellant's appeals from decisions of the Department of Labor and Industrial Relations. *Id.*

We likewise agree with HHIA that HRS § 603–36(5) delineates permissible venues and is not a geographic limitation on jurisdiction, which befits its codification in HRS ch. 603, pt. IV, concerning "venue" in the "circuit courts." *Kaui v. County of Kauai,* 47 Haw. 271, 386 P.2d 880 (1963), illustrates the distinction between HRS §§ 91–7(a), *see supra* note 3, and 603–36(5), *see supra* note 7. *Kaui* concerned 1957 Haw. Sess. L. Act 194, 47 Haw. at 272, 386 P.2d at 882, which was a forerunner of HRS § 603–36(5).[11] We construed Act 194 as a venue statute and, accordingly, remanded for determination of the factual question of whether the defendant county had waived its venue objection. *See id.* at 274, 276, 386 P.2d at 882–83. We opined that Act 194 "could not have been intended to go to jurisdiction over the subject matter as it permits an action to be brought where the *defendant* is domiciled without regard to the place where the cause of action arose." *Id.* at 276, 386 P.2d at 883 (emphasis added). The inverse is true of HRS § 91–7(a): that the appropriate forum for litigation under HRS § 91–7(a) is predicated solely upon the plaintiff's residence and without regard to either the agency's convenience or the nature or location of the parties' interaction strongly suggests that the county rule is one of jurisdiction and not venue. *Cf. id.* at 276, 386 P.2d at 884 ("Considering the sweeping nature of [Act 194,] no policy other than protection of defendants from harassment can be discerned.... [W]hat is for the protection of a defendant may be waived by him."), *followed by Alamida v. Wilson,* 53 Haw. 398, 400–01, 495 P.2d 585, 588 (1972).

## IV. CONCLUSION

In light of the foregoing analysis, we hold that a plaintiff seeking "a judicial declaration as to the validity of an agency rule," pursuant to HRS § 91–7, *must* "reside[ ] or ha[ve] its principal place of business" in the county in which the adjudicating circuit court sits; initiating an HRS § 91–7 action in the wrong circuit is a defect of jurisdiction mandating dismissal. Accordingly, we vacate the first circuit court's judgment and remand with instructions to dismiss HHIA's declaratory action.

### Concurring Opinion by ACOBA, J.

I concur in the result but on the ground that Hawai'i Revised Statutes (HRS) § 91–7 (1993) on its face is specific and thus plainly and unambiguously controls as to Plaintiff–Appellant Hawaii Home Infusion Associates' particular "petition" for declaratory review of an agency rule. *See Richardson v. City and County of Honolulu,* 76 Hawai'i 46, 55, 868 P.2d 1193, 1202 (1994) (stating that, " 'where there is a 'plainly irreconcilable' conflict between a general and a specific statute concerning the same subject matter, the specific will be favored' " (quoting *Mahiai v. Suwa,* 69 Haw. 349, 356–57, 742 P.2d 359, 366 (1987) (citations omitted))). Because HRS § 91–7 is the applicable statute, "may" must be construed as compulsory, *i.e.,* allowing a judicial declaration upon the filing of a petition in the circuit court of the affected county, rather than as indicating an alternative basis for jurisdiction. *See Kepo'o v. Kane,* 106 Hawai'i 270, 288 n. 30, 103 P.3d 939, 957 n. 30 (2005) (stating that " '[m]ay' is also defined as 'shall, must—used especially in deeds, contracts, and statutes' " (brackets and citation omitted)); *cf. Lingle v. Hawai'i Gov't Employees Ass'n, AFSCME, Local 152,* 107 Hawai'i 178, 187 & n. 1, 111 P.3d 587, 596 & n. 1 (2005) (Acoba, J., concurring) (stating that HRS § 91–8 (1993), which provides that

11. Act 194 provided in substantive part:
All civil actions other than those specified [earlier in Revised Laws of Hawai'i § 215–21] shall be brought in the circuit where the cause of action arose or where the defendant is domiciled; provided, however, if there be more than one defendant, then such action shall be brought in the circuit in which the cause of action arose unless a majority of such defendants are domiciled in another circuit, whereupon such action may be brought in the circuit where such majority of defendants are domiciled.
1957 Haw. Sess. L. at 226 (emphasis omitted).

" '[a]ny interested person *may* petition an agency for a declaratory order as to the applicability of any statutory provision or of any rule or order of the agency[,]' " must be construed as *"authoriz[ing]* interested persons to petition agencies for declaratory rulings" (emphases added)).