CITY AND COUNTY OF HONOLULU, a municipal corporation, Plaintiff-Appellee, *v.* MICHAEL L. AMBLER, dba Taiwan Gift Shop and Monkey Pod Tree Shop, Defendant-Appellant

and

MICHAEL L. AMBLER, dba TAIWAN SHOP, Appellant, *v.* ZONING BOARD OF APPEALS OF THE CITY AND COUNTY OF HONOLULU, Appellee

NO. 6811

FEBRUARY 27, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* This is an appeal from the lower court's (1) affirmation of a declaratory ruling by Honolulu's Zoning Board of Appeals (Zoning Board); and (2) decision to issue an order enjoining Appellant Ambler's gift shop operation at Don Ho Lane in Waikiki. We affirm the lower court's decisions.

Don Ho Lane is a 12 feet wide paved private way running perpendicular from Lewers Street between the Cinerama Reef Towers Hotel (CRTH) building and the driveway to the Sheraton Hotel. It serves as the pedestrian way to the CRTH parking garage located in the rear of the hotel and to Chuck's Cellar restaurant, which is located in the side of the CRTH. Don Ho Lane is separated from Lewers Street by a privately owned public sidewalk approximately ten feet wide.

Ambler leases 864 square feet of Don Ho Lane. The leased space commences 51 inches into Don Ho Lane from the sidewalk. The lease requires Ambler to keep an aisleway 48 inches wide and to keep the entrance to Chuck's Cellar unobstructed. The five-year lease and Ambler's operations commenced on September 10, 1972.

Ambler operates a gift shop business on the leased property, utilizing nine outdoor kiosk[1] stands and two cashier stands which contain shelves and are on wheels. The displays are clearly visible from Lewers Street.

On September 10, 1972, the CRTH property was in an H-2 Hotel District.[2]

---

[1] A "kiosk" is a small structure used as a newsstand, refreshment booth or the like. In this case, it is shell-shaped and approximately eight to ten feet wide, eleven feet tall.

[2] Article 7B of the City and County of Honolulu's Comprehensive Zoning Code (CZC) (1969), as amended through September 10, 1972.

CIVIL 44761 — AMBLER v. ZONING BOARD:

On December 4, 1972, the Building Department of the City and County of Honolulu charged that Ambler's gift shop at Don Ho Lane violated sections 21-711(b) and 21-712(c) of the CZC. Thereupon, Ambler asked Honolulu's Zoning Board of Appeals to declare that his shop did not violate said CZC sections. On March 13, 1975, the Zoning Board issued a ruling adverse to him. He appealed to the circuit court.

CIVIL 43549 — CITY AND COUNTY v. AMBLER:

On November 14, 1974, the City and County of Honolulu filed a complaint to enjoin Ambler's business at Don Ho Lane, alleging that it was being conducted in violation of the CZC.

CIVIL 44761 AND 43549:

By stipulation and order, both cases were consolidated for trial purposes and the evidence presented was received in both cases.[3]

In Civil 44761, the lower court ruled that Ambler failed to sustain his burden of proof under Hawaii Revised Statutes (HRS) § 91-14(g) and it affirmed the Zoning Board's ruling.

In Civil 43549, the lower court ruled that the City had established that Ambler's Don Ho Lane operations violated section 21-711(b) of the CZC and thus was entitled to an injunction.

In making its decision, the lower court concluded:

> It is clear in this case that Defendant-Appellant's gift shop is not intended primarily for the benefit and use of the hotel, but rather for the general public as a whole. And, as such it is clear that Appellant's gift shop does not meet the requirements of an "accessory use" as set forth in Section 21-711(b) of the CZC.

---

[3] In Civil 44761, the lower court was reviewing the Zoning Board's declaratory ruling pursuant to HRS § 91-14 (1976). Since HRS § 91-14(f) (1976) requires the review to be confined to the record, it is difficult to understand how or why Civil 44761 was consolidated with Civil 43549 for trial purposes.

Ambler filed a Hawaii Rules of Civil Procedure, rule 59(a), motion for a new trial on the grounds of newly discovered evidence. The alleged newly discovered evidence was the result of a nine-day survey conducted after the court issued its ruling. The survey allegedly showed that 75.56 percent of the customers entering Ambler's shop were either "visitors or guests of the Reef Tower Hotel". The lower court denied the motion.

Upon motion by Ambler, the lower court granted a stay of judgment pending appeal on condition that Ambler's tenancy after the expiration of the five-year lease be month-to-month or shorter and that Ambler not be cited by the City for maintaining a hazardous condition.

Thereafter, Ambler appealed.[4]

Ambler contends that the lower court erred in denying his motion for new trial. We disagree. First, the alleged newly discovered evidence must be of facts existing at the time of trial. 11 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil § 2808 (1973); 6A MOORE'S FEDERAL PRACTICE ¶ 59.98[3], at 59-115 (2d ed. 1979); *Nordin Construction v. City of Nome,* 489 P.2d 455 (Alaska 1971); *Ryan v. U.S. Lines Co.,* 303 F.2d 430 (2d. Cir. 1962). Since the survey was conducted after the trial, it is not of facts existing at the time of trial. Second, the alleged newly discovered evidence must be such that it could not have been discovered before or at trial through the exercise of due diligence. *State v. McNulty,* 60 Haw. 259, 588 P.2d 438 (1978). We know of no valid reason why the survey was not conducted before trial rather than after the trial. Third, the denial of a motion for a new trial is within the sound discretion of the trial court and will not be upset absent a clear abuse of discretion. *State v. McNulty, supra,* at 268. We do not find a clear abuse of discretion in this case.

Ambler further contends that there was a substantial lack of evidence to support the lower court's finding that his

---

[4] The focus of this opinion relates more to Civil 43549 (the injunction case) than to Civil 44761 (the Zoning Board case) on the premise that affirmation of Civil 43549 is *a fortiori* affirmation of Civil 44761.

operation "is not intended primarily for the benefit and use of the hotel, but rather for the general public as a whole".

The dispositive issues, then, are whether Ambler has established that the record does not contain credible evidence[5] of sufficient quantity and probative value to justify a reasonable man in reaching the conclusion reached by the lower court and whether after reviewing the evidence we are left with the definite and firm conviction that a mistake has been committed. *Shoemaker v. Takai,* 57 Haw. 599, 561 P.2d 1286 (1977). We answer both questions in the negative.

According to the CZC,[6] a "hotel" is one of the "principal uses and structures" in an H-2 Hotel District and accessory uses and structures are permitted as follows:

> Sec. 21-711(b)   Accessory uses and structures: Uses and structures which are customarily accessory, clearly incidental and subordinate to principal uses and structures, including establishments for sale of gifts, clothing, drugs, photographic supplies, newspapers, magazines and convenience goods; establishments for eating and drinking, professional and personal services; meeting rooms and convention halls; provided that such uses shall be accessory only to hotels having 21 or more dwelling or lodging units; and provided also that access to such establishments shall not be from any street and that no sign on or within such establishments and no window display relating to merchandise for sale on the premises shall be visible from any street.

CRTH has more than 21 dwelling units.

An "accessory use" is defined in the CZC as follows:

> [Sec.] 21-110.   Definitions
> Accessory Use.   An "accessory use":
>> (1) Is a use which is conducted on the same zoning

---

[5] Since it does not deal with facts existing at the time of trial, the result of the nine-day survey conducted after the trial is not part of the record which we review in deciding this issue.

[6] Comprehensive Zoning Code 1969 of the City and County of Honolulu, as amended through September 10, 1972.

lot as the principal use to which it is related. . ., and

(2) Is clearly incidental to, and customarily found in connection with such principal use, and

(3) Is operated and maintained substantially for the benefit or convenience of the owners, occupants, employees, customers, or visitors of the zoning lot with the principal use.

The evidence indicates that the gift shop is located outside the hotel on the side yard area between the exterior wall of the hotel building and the boundary line fence; that it is open 24 hours a day; that one end of it is no more than 51 inches away from a privately owned public sidewalk; that it is clearly visible to all persons on the sidewalk and the street as they pass by; and that most of its customers enter from the sidewalk.

We hold that the lower court was not clearly erroneous in concluding from the evidence that the gift shop was not operated substantially for the benefit or convenience of the owners, occupants, employees, customers, or visitors of the hotel.

In view of our decision, we do not reach the other issues raised by Ambler on this appeal.

Affirmed.

*Herbert K. Tom*, on the brief, for appellant.

*Charles A. Viviano*, Deputy Corporation Counsel, on the brief, for appellee.