WAIKIKI SHORE, INC., Appellant, *v.* ZONING BOARD OF APPEALS, City and County of Honolulu, Appellee, and HRT, LTD., Intervenor-Appellee

NO. 6882

MARCH 20, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a judgment in the Circuit Court upholding a decision by the Zoning Board of Appeals to grant a variance permitting the operation of a nightclub and restaurant in an apartment building on hotel-zoned property. Because of irregularities in the proceedings before the Zoning Board of Appeals, we reverse for further proceedings without reaching the other issues raised in the briefs.

Waikiki Shores is a co-operative apartment building on the beach in Waikiki, constructed on hotel-zoned land. Although the dwelling units in the buildings are, by the definitions of the zoning ordinances, apartments rather than hotel rooms, many of them are, as a practical matter, rented out as hotel rooms. The applicant, in its second application for a variance, filed September 5, 1975, requested a variance to operate a nightclub and restaurant on the first and second floors of the building, which space had formerly been

occupied by the YWCA and had at one time been used as a youth hostel. At the time of that application for the variance, this space was vacant and remained vacant at the time of the hearings below. A public hearing was held on January 8, 1976, at which time the appellant, among others, opposed the granting of the variance.

After the public hearing was closed, the attorney for the applicant sent a letter to the members of the Board, rebutting information brought out by the opponents of the variance at the hearing. At the February 5, 1976, meeting of the Board, one of the members stated:

> AOKI: The letter clarifies a lot of questions that we had in our mind. We had deferred action for the purpose of inspecting the premises. We have now. Is that considered part of a public hearing? The gathering of evidence and the personal inspection of premises?
>
> RONNINGEN: I would have to seek legal counsel on that.
>
> AOKI: Well, why don't we get a legal opinion on that because that's vitally important. As far as I'm concerned, that's relevant to my decision.

The Board, thereafter, asked for an opinion on this matter and having received none, eventually voted to approve the variance with an express disclaimer that it was in any way considering the letter or the view.

After the variance was granted, an appeal was taken to the Circuit Court. The transcript of the hearing on that matter reveals that the Circuit Court accepted the Board's disclaimer of being influenced by the letter and found that there had been no view. For some reason, in the course of the hearing, attention of the court was not called to the clear and unequivocal statement of member Aoki to the effect that the view had been taken. Nevertheless, the transcript was in the record before the court. The court was, under the provisions of *Hawaii Revised Statutes* (HRS) § 91-14(f), confined to the record, and the court's finding that no view had been taken by the Board members was clearly erroneous.

Appellant contends that the receiving of the letter in question and the taking of the view, despite the disclaimer of any consideration thereof by the Board, is procedurally fatal.

This is not a case of first impression. The decision of the Supreme Court of Hawaii in *Town v. Land Use Commission*, 55 Haw. 538,

524 P.2d 84 (1974) is on all fours with this case. In that case, there was an appearance by a party before a meeting of the Commission after the public hearing had been closed, which the opposing party was given no opportunity to rebut. Here, we have a letter put before the Board by counsel for the applicant after the public hearing was closed which the opponents of the variance likewise had no opportunity to rebut. Moreover, in that case, as in this, at least one of the members of the agency making the adjudication had taken a view of the premises after the public hearing was closed. Despite the agency's disclaimer that those matters had any influence upon it, the Supreme Court, in that case, reversed and remanded to the agency. In this case, faced with nearly identical facts, we do likewise, as, indeed, we are bound to do by the doctrine of *stare decisis.*

Many complex and serious questions with respect to the standards to be applied by zoning agencies in granting variances were raised in the briefs. Because of the procedural irregularities, we do not reach those questions today. If, however, on remand, the matter is again passed upon, we would hope that the Board in attempting to comply with the provisions of HRS § 91-12, requiring separate findings of fact and conclusions of law, would, in view of the provisions of § 6-909(b) (formerly § 6-1009(b)) of the Charter of the City and County of Honolulu, spell out, with clarity, its findings and conclusions on the three criteria for granting a variance spelled out in that section. This would certainly facilitate judicial review if the matter is again raised in the courts.

Reversed and remanded for further proceedings consistent herewith.

*John R. Williams (Chee, Lee, Oshiro & Williams* of counsel) for appellant.

*Reuben S. F. Wong* for intervenor-appellee.

*Steven S. C. Lim,* Deputy Corporation Counsel, for appellee.