AETNA LIFE INSURANCE COMPANY, AETNA LIFE INSURANCE AND ANNUITY COMPANY, THE AETNA CASUALTY AND SURETY COMPANY, THE STANDARD FIRE INSURANCE COMPANY, COMBINED INSURANCE COMPANY OF AMERICA, CONNECTICUT MUTUAL LIFE INSURANCE COMPANY, THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, MASSACHUSETTS INDEMNITY AND LIFE INSURANCE COMPANY, MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, METROPOLITAN LIFE INSURANCE COMPANY, THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, NEW YORK LIFE INSURANCE COMPANY, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY, TRANSAMERICA LIFE INSURANCE AND ANNUITY COMPANY, UNION MUTUAL LIFE INSURANCE COMPANY AND UNIONMUTUAL STOCK LIFE INSURANCE CO. OF AMERICA, Appellants, *v.* SUSAN KEE-YOUNG PARK, INSURANCE COMMISSIONER, STATE OF HAWAII, Appellee

NO. 9370

(CIVIL NO. 73473)

MARCH 28, 1984

BURNS, C. J., HEEN, J., AND CIRCUIT JUDGE KANBARA IN PLACE OF ASSOCIATE JUDGE TANAKA, RECUSED

OPINION OF THE COURT BY BURNS, C. J.

Nineteen insurance companies (Companies), "foreign insurers" under Hawaii Revised Statutes (HRS) § 431-81(b), appeal from a decision rendered by the circuit court. That decision dismissed Companies' appeal from the Insurance Commissioner's (Commissioner) dismissal of their petition for a refund of taxes. We affirm.

On June 18, 1982 Companies petitioned the Commissioner (Docket No. 82-4, Department of Commerce and Consumer Affairs, Insurance Division) for the following orders:

1. Declaring that the provisions of HRS § 431-318,[1] which impose higher tax rates on foreign insurance companies than on domestic insurance companies, are unconstitutional and void; and

---

[1] Section 431-318, HRS (1978), provides in relevant part:

*Taxation.* (a) Each authorized insurer, except life insurers and ocean marine insurers, shall pay to the director of finance through the insurance commissioner, in the case of domestic insurers a tax of 2.9647 per cent, and in the case of other insurers a tax of 4.2824 per cent, on the gross premiums received from all risks or property resident, situated, or located within this State, during the year ending on the preceding December 31 less return premiums (but not including dividends paid or credited to policyholders), and less any reinsurance accepted (the tax upon such business being payable by the direct writing insurer).

\* \* \* \* \*

(b) Each life insurer shall pay to the director of finance through the commissioner, in the case of domestic insurers a tax of 1.918 per cent, and in the case of other insurers a tax of 3.197 per cent, on the gross premiums received from all risks resident within this State, during the year ending on the preceding December 31, less return premiums, dividends paid or credited to policyholders, and reinsurance accepted (the tax upon such business being payable by the direct writing insurer).

\* \* \* \* \*

(c) Each insurer shall, with respect to all ocean marine insurance contracts written within the State, during the year ending on the preceding December 31, pay to the director of finance through the commissioner a tax of .8775 per cent on its gross underwriting profit.

\* \* \* \* \*

2. Authorizing a refund under HRS § 431-319[2] of the excess taxes paid by them from 1974 through 1981 plus interest.

On September 1, 1982 the Commissioner filed a Decision and Order Dismissing Petition on the grounds that "an administrative agency has no authority to determine the constitutionality of a statute[.]"

On September 23, 1982 Companies appealed the Commissioner's decision to the circuit court under HRS § 431-68. The State argued that since the Commissioner was correct, the circuit court had to dismiss the appeal. Companies argued that the Commissioner was not correct, and even if she was correct, the circuit court should decide the constitutional issue.

On May 4, 1983 the lower court entered an Order Dismissing Appeal with Prejudice.

The issues and our answers are as follows:

I. Does the insurance commissioner have the authority to adjudicate the per se constitutionality of any part of the statute from which she obtains her powers (her governing statute)? No.

II. In an appeal from an administrative determination, can the circuit court review matters beyond the record of the prior agency proceeding? No.

I.

The United States Supreme Court, in interpreting the Federal Administrative Procedures Act, 5 U.S.C. §§701 et. seq., has posited the rule that adjudication of the constitutionality of their governing statutes is beyond the jurisdiction of federal administrative agencies. *Johnson v. Robison,* 415 U.S. 361, 368, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974); *Weinberger v. Salfi,* 422 U.S. 749, 765, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975); *Public Utilities Com'n v. United States,* 355 U.S. 534, 539, 78 S.Ct. 446, 2 L.Ed.2d 470 (1958).

---

[2] Section 431-319, HRS (1976), provides:

*Refunds.* In the event any person has paid to the insurance commissioner any tax, fee, or other charge in error or in excess of that which he is lawfully obligated to pay, under this chapter, the commissioner shall upon written request made by the person to him within six years of the date of the payment, authorize a refund thereof out of the general funds of this State by submitting a voucher therefor to the comptroller of this State.

State courts, in interpreting their administrative procedures acts, have generally come to the same conclusion. *Armed Forces Co-op v. Dept of Ins.*, 622 P.2d 1318, 1333 (Wyo. 1981); *Belco Petroleum Corp. v. State Bd. of Equal.*, 587 P.2d 204, 214 (Wyo. 1978). *See also Dation v. Ford Motor Co.*, 22 N.W.2d 252-255 (Mich. 1946); *Yakima Clear Air Authority v. Glascam Builders, Inc.*, 85 Wash.2d 255, 534 P.2d 33, 34 (Wash. 1975); *Jarussi v. Board of Trustee of School Dist. No. 28, Lake County*, 664 P.2d 316 (Mont. 1983); *Flint River Mills v. Henry*, 234 Ga. 385, 216 S.E.2d 895 (Ga. 1975). *But see Southern Pac. Transp. v. Public Utilities Com'n*, 134 Cal. Rptr. 189, 556 P.2d, 289 (1976).

We agree with the holding of the overwhelming majority that an agency cannot use the powers which flow entirely from its governing statute to adjudicate the constitutionality of its governing statute. *Engineers Public S. Co. v. Securities and Exchange Com'n*, 138 F.2d 936 (D.C. Cir. 1943); 4 K. Davis, *Administrative Law Treatise*, § 26.6 (1983); L. Jaffe, *Judicial Control of Administrative Action*, 438 (1965).

Commentators have suggested that an agency may in some instances adjudicate the constitutionality of its governing statute as applied by that agency but reserve to the courts the adjudication of the per se constitutionality of the agency's governing statute. *See* 4 Davis *Administrative Law Treatise* §§ 26.4, 26.6 (1983). We do not reach that issue because Companies' sole contention is that a part of the Commissioner's governing statute is unconstitutional per se and thus does not involve determinations within the sphere of expertise of the agency, *see, e.g. In re: Hawaii Electric Light Co.*, 60 Haw. 625, 594 P.2d 612 (1979), or a specific action of the agency. L. Jaffe, *Judicial Control of Administrative Action*, 438 (1965).

## II.

Section 431-69, HRS, states: "How Appeal taken. The appeal [from the Commissioner's order] shall be taken in the manner provided in chapter 91."

Section 91-14(f), HRS (1979), states:

(f) The review shall be conducted by the appropriate court without a jury and shall be confined to the record, except that in the cases where a trial de novo, including trial by jury, is pro-

vided by law and also in cases óf alleged irregularities in procedure before the agency not shown in the record, testimony thereon may be taken in court. The court shall upon request by any party, hear oral argument and receive written briefs.

It is explicit in the provisions of HRS § 91-14, and in the case law interpreting those provisions, that a review of the Commissioner's decision is confined to the issues properly raised in the record of the proceedings leading up to that decision, *McGlone v. Inaba,* 64 Haw. 27, 636 P.2d 158 (1981); *Life of the Land v. Land Use Commission,* 58 Haw. 292, 568 P.2d 1193 (1977); *Waikiki Shore Inc. v. Zoning Board of Appeals,* 2 Haw. App. 43, 625 P.2d 1046 (1981); *City and County of Honolulu v. Ambler,* 1 Haw. App. 589, 623 P.2d 93 (1981). *But see Armed Forces Co-op, Etc. v. Dept. of Ins.* 622 P.2d 1318 (Wyo. l981); *Motor and Equipment Mfrs. Ass'n, Inc. v. E.P.A.,* 627 F.2d 1095 (D.C. Cir. 1979); *Belco Petroleum Corp. v. State Board of Equal.,* 587 P.2d 204 (Wyo. l978).

The dispositive issue faced by the Commissioner was whether she had the power to adjudicate the per se constitutionality of part of her governing statute. This issue goes beyond the scope of the record of the administrative proceedings and is not a proper issue on appeal.[3]

Accordingly, we affirm.

*Anthony S. Chan (Shawn B. Thompson* with him on the briefs) for appellants.

*Clifford K. Higa,* Deputy Attorney General, for appellee.

---

[3] By complaint filed on September 22, 1982 in First Circuit Civil No. 73464, Companies sought the same relief as in this case. They lost in the lower court and appealed. *See* Appeal No. 9398.

By complaint filed on May 18, 1983 in Tax Appeal Court No. 2016, Companies sought the same relief as in this case and also sought a refund of taxes paid under protest in 1983, plus interest. That action is in process.