LAW LIBRARY

NO. 29118

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

K. H. AMAKADO
CLERK, APPELLATE COURTS
STATE OF HAWAI'I

2010 MAY 25 AM 8:28

FILED

CASTLE FAMILY LLC, a Hawaii Limited Liability Company,
Plaintiff-Appellee,
v.
THE KAILUAN INC., a Hawaii Corporation,
Defendant-Appellant,
and
JOHN DOES 1-20, JANE DOES 1-20, and DOE ENTITIES 1-20,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-1-0012)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

Defendant-Appellant The Kailuan, Inc. (TKI) appeals from the "Rule 54(b), Hawai'i Rules of Civil Procedure, Final Judgment" filed on April 1, 2008 in the Circuit Court of the First Circuit[1] (circuit court).

On appeal, TKI contends

(1)　the circuit court improperly granted the request for preliminary injunction filed by Plaintiff-Appellee Castle Family, LLC (Castle);

(2)　Conclusions of Law (COLs) 58 and 66 through 68 of the circuit court's February 11, 2008 "Findings of Fact, Conclusions of Law, and Order Granting in Part and Denying in Part Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction, and Writ of Ejectment Filed on 1/7/08" (FOFs/COLs/Order) are wrong;

---

[1]　The Honorable Glenn J. Kim presided.

(3) COLS 62 and 63 of the FOFs/COLs/Order are wrong; and

(4) the circuit court erred in granting Castle's January 31, 2008 Motion for Summary Judgment.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that TKI's appeal is without merit.

This appeal turns on TKI's argument that the circuit court improperly read HRS § 514C-2 (2006 Repl.) to require an "agreement" between the seller and buyer to trigger the right of first refusal. TKI contends that because Castle at one point in time had, and may still have, an intent to sell the fee interest under The Kailuan, TKI's right of first refusal is triggered under § 514C-2.

HRS § 514C-2 provides:

> §514C-2 **Right of first refusal**. When the leased fee interest in land under a condominium project or cooperative project or any part thereof <u>is to be sold</u> to any party other than the association of owners or the cooperative housing corporation, the seller shall first provide the board of directors of the association of owners or the cooperative housing corporation with written notice delivered or mailed by registered or certified mail, return receipt requested, postage prepaid, to any two of the president, vice-president, or managing agent (if any), of its intent to sell that interest, <u>together with a complete and correct copy of the purchaser's written offer, which offer shall contain the full and complete terms thereof</u>. The association of apartment owners or cooperative housing corporation shall have a right of first refusal to purchase that leased fee interest for the same price as is contained in the written purchase offer.

(Emphases added.)

We review the circuit court's interpretation of HRS § 514C-2 de novo. <u>Sierra Club v. Dep't of Transp. of State of Hawaii</u>, 120 Hawai'i 181, 197, 202 P.3d 1226, 1242, <u>reconsideration denied</u>, 2009 WL 1567327 (2009). As a principle of statutory interpretation, where statutory language is plain and unambiguous, we give effect to this plain meaning of the

statute.  Id.  Our foremost obligation is to recognize and give effect to the legislature's intent.  Bhakta v. County of Maui, 109 Hawai'i 198, 208, 124 P.3d 943, 953 (2005).  We also must read statutory language in the context of the entire statute and construe it consistently with the statute's purpose.  Hawaii Home Infusion Assocs. v. Befitel, 114 Hawai'i 87, 91, 157 P.3d 526, 530 (2007).

Applying these principles, we read HRS § 514C-2 to require more than a subjective intent by the seller to sell at some point in time.  Rather, an ongoing intent by the seller to sell under terms set forth in a complete written offer from a purchaser are necessary to trigger the right of first refusal.[2] We note that the plain language of the statute expressly requires the seller to give written notice of intent to sell when "the leased fee interest in land under a condominium project or cooperative project or any part thereof is to be sold." (Emphasis added.)  Read in isolation, this language could suggest that the seller's intention to sell alone obligates the seller to give notice pursuant to the right of first refusal.  However, the seller also must provide "a complete and correct copy of the purchaser's written offer, which offer shall contain the full and complete terms thereof."  (Emphasis added.)  Read together, these parts indicate that the right of first refusal hinges on both the seller's ongoing intent to sell coupled with a satisfactory offer from the buyer.  Only the buyer's offer, not the seller's intent, can contain the "full and complete terms thereof."  We therefore conclude that a right of first refusal under HRS § 514C-2 requires (a) the seller's ongoing intent to sell under (b) terms satisfactory to the seller set forth in a written offer from the buyer.

---

[2] While the trial court referred to this situation as an "agreement," it is technically not yet a binding agreement.  Rather, it is more precisely a situation where the seller wishes to sell on satisfactory terms presented by a purchaser, subject to the statutory right of first refusal.

This reading of HRS § 514C-2 is consistent with the circuit court's COL 62, which provides, in part:

> The plain language of HRS § 514C-2 requires as a prerequisite, an agreement to sell and to buy between the owner of the property and the third-party purchaser before the cooperative housing corporation's right of first refusal is triggered. The plain language of the statute requires a specific written offer to buy the property from the purchaser which must contain the full and complete terms of the offer to purchase.

Other jurisdictions similarly hold. See Hartzheim v. Valley Land & Cattle Co., 153 Cal. App. 4th 383, 389 (Cal. Ct. App. 2007) (internal quotation marks and citation omitted; emphasis added) ("The right [of first refusal] does not become an option to purchase until the owner of the property voluntarily decides to sell the property and receives a bona fide offer to purchase it from a third party."); Jeremy's Ale House Also, Inc. v. Joselyn Luchnick Irrevocable Trust, 22 A.D.3d 6, 9-10 (N.Y. App. Div. 2005) (emphasis added) ("The right of first refusal . . . requires the owner, when and if he decides to sell, to offer the property first to the [holder] so that he may meet a third-party offer or buy the property at some other price set by a previously stipulated method."); Stephens v. Trust for Public Land, 479 F. Supp. 2d 1341, 1349 (D.C.N.D. Ga. 2007) (The right of first refusal in an underlying contract did not require seller to give notice upon forming the subjective desire to sell the property.).

Here, it is uncontested that Castle at one point included The Kailuan among a group of apartment buildings for which a request for proposals was conducted to find potential buyers for the properties. Irrespective of what proposals may have been obtained, it is also uncontested that Castle later removed The Kailuan from the properties to be sold. Under these circumstances, the right of first refusal was not triggered.

Therefore,

The "Rule 54(b), Hawai'i Rules of Civil Procedure, Final Judgment" filed on April 1, 2008 in the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, May 25, 2010.

On the briefs:

Gerard A. Jervis
Joseph A. Gomes
for Defendant-Appellant.

Rosemary T. Fazio
Francis P. Hogan
Connie C. Chow
(Ashford & Wriston)
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge